to hear argument in United States v. Perez-Perez as soon as the lawyers are ready. Good morning, Your Honors. May it please the Court. Bettina Roberts from the Federal Public Defender's Office on behalf of the appellant, Carlos Perez-Perez. Mr. Perez asked that this Court vacate his sentence and remand this case for resentencing. More specifically, Mr. Perez asked this Court to find that the North Carolina crime of indecent liberties with a minor is not sexual abuse of a minor and therefore not a crime of violence under Sentencing Guideline 2L1.2. Mr. Perez does acknowledge that there have been several unpublished per curiam opinions in this Court which have reached a contrary conclusion. However, Mr. Perez now asks this Court to arrive at the conclusion that the North Carolina crime of indecent liberties is not sexual abuse of a minor for two very important reasons. First, the broad range of the conduct that the North Carolina statute prohibits. And second, the backdrop behind this Court's decision in the case of Diaz-Zabarro, which was the case that defined sexual abuse of a minor. Now, as for the first of those points, as I'm sure this Court is well aware, the North Carolina indecent liberties statute is incredibly broad. And while it certainly covers conduct that we all would agree, both defense counsel and the government, does constitute sexual abuse of a minor, we would argue that it does also include conduct that would not constitute that. Unlike facially similar statutes in many other states, the North Carolina indecent liberties statute covers conduct where the perpetrator is not actually present in the room with a minor, where they're only constructively present, via telephone or video camera. It also covers situations where the minor does not know that that conduct is occurring, where the minor has no idea at the time or even shortly thereafter. Can I just interrupt you because you're going at quite a clip here? Absolutely. You would agree that the categorical approach applies here? Yes, Your Honor. Okay. Fine. Proceed. I would agree that there are things within the statute that would certainly constitute a crime of violence, but that because there are things that would not, that categorically it cannot be sexual abuse of a minor under this Court's definition in Diaz-Zabarro. I don't quite follow that. What is non-physical misuse or maltreatment of a minor if it's not the kind of thing that the North Carolina statute covers? Your Honor, I think it does cover some things that would certainly constitute, are you asking about physical or non-physical? I'm directing your attention to the definition of sexual abuse of a minor that this Court pronounced in Diaz-Zabarro, which includes non-physical misuse or maltreatment of a minor. Absolutely, Your Honor. Why isn't there total congruence between that definition and the non-physical ways of violating the North Carolina statute? Absolutely. I think, I have a couple of reasons why I think there's not congruence with that. Start with your best. I think when the Court in Diaz-Zabarro came up with that definition, they actually borrowed that definition from an 11th Circuit case. And in that 11th Circuit case, the critical question had been whether not only contact offenses, hands-on offenses, but also non-contact, where the perpetrator was in the room but not specifically touching the minor, whether both of those counted. And so when the 11th Circuit came up with... So you want us to interpret Diaz-Zabarro as sort of a proximity test. Is that what you're getting at, that if the perpetrator is in the same room or the same building or in visual contact but not non-visual? I mean, where's the line? Yes, I'm asking that this Court clarify that Diaz-Zabarro required, although it was not before the Court in Diaz-Zabarro, because that statute that they considered was a Georgia statute that was much more narrow than the North Carolina statute we have here. And that they never addressed the question of whether a constructive presence would be enough. So, yes, I'm asking... Well, they sort of addressed it. The Court sort of addressed it by referring to non-physical misuse or maltreatment of a minor. Yes, Your Honor, and I do... Like I said, in a vacuum, I do understand that physical or non-physical, we could certainly agree that that could include actual or constructive presence. But I suppose what I'm trying to argue is that the backdrop that the Court was faced with when they came up with that terminology, they weren't even considering the possibility that you could possibly do something constructively. I mean, there are North Carolina cases where a headmaster of a school set up a secret video camera and secretly videotaped... Believe me, we've spent a lot of time on the North Carolina statute. So I think I understand your basic position to be, you've got to persuade this panel to take the narrowest possible interpretation we can to Díaz-Ibarra in order for your client to prevail here. Is that a fair characterization? I think that's a fair characterization because, of course, this panel can't overrule Díaz-Ibarra, nor would I ask it to. I just think that Díaz-Ibarra didn't really address this question of actual or constructive presence. How would I write it? What would the language be? I think the language would be something to the effect of a clarification of Díaz-Ibarra, that that meant that there need be no harm, as the Court said in Díaz-Ibarra, and also that it need not be contact, but that the actual presence ought to be required. But we said misuse or mistreatment includes acts performed in the actual or constructive presence of a child. I believe so, and I think that was really directed at people like photographing children and then they would be in the other room. So that would seem to be covered by what we had said earlier. You tell us you don't want us to overrule it, and we can't. Counsel, what you have to do is convince us that a North Carolina statute can be violated by conduct which is not physical and there's presence, but there's no misuse or abuse. I think that's correct, Your Honor. Tell me how you can do so. I think, respectfully, Judge Motz, the Court did, in Díaz-Ibarra, reference that actual or constructive language. However, I do believe that was, they were quoting. You're not going to answer my question? My answer will answer both your questions, I promise. Well, mine is right there before you. I think that language is, the actual or constructive language is, it was a Fifth Circuit case that said that. In the Fifth Circuit, harm was required, or sorry, presence was required. So again. I'm not talking about the requirements. My question is, give me a scenario that will allow conviction under the North Carolina statute but not touch bases with non-physical presence and abuse. So it's a triangular type thing that you have to be able to say that something fits in there and you can still violate the statute and not comply with our definition. I think maybe. That's what you have to do. I think it does depend on how you define physical or non-physical. That's easy. Touch it, not touch it. Right. So I think the example that I had just given about the headmaster and the secret videotape that. He's misusing, though, because the child's body is being misused for photographic purposes. Next one. I'm not sure I understand your question. Because a new child, you're using their body to be the photographic subject of what you're doing. So that's what a misuse is. You're using the naked body of a child in a misusive way. So give me another one. I mean, I think that simply. Let me give you one. Let me give you one. What about this? Child is asleep. Because this is all about the gratification of the offender. The man likes to fondle himself through his clothes while the child is sleeping. That's his fetish. In a North Carolina statute, that would be a violation, wouldn't it? Yes, Your Honor. But it wouldn't fit in the definition that we have, would it? I don't think so, no. I mean, I don't think that the child has no knowledge. But the child is present. The child is present, though. The knowledge doesn't make any difference. The child is present, but there's no misuse. Well, is that the case? Does the child have to recognize the misuse? Because I thought that many of the instances of child abuse, the child doesn't recognize there's abuse. That's correct, Your Honor. And so I'm not sure that you'd have to have the child's nudity or sleeping or whatever has led to sexual gratification by the predator. I would think that that would come within the statute. I think it would come within the North Carolina statute. You concede that? Well, I think there are instances where there's so many. You concede that, then you concede your whole case. Well, no, there are so many different factors in play here that, for example, in Diaz-Zabara, the child's knowledge was required. So I think all I'm trying to say about Diaz-Zabara is that that definition was formulated in a very different universe. Knowledge is the red herring in the hypothetical. What you have to attack is there's no misuse. Unlike with a child's body, his new body is being used, he's not misusing the child. The child is asleep. He is touching himself. It's an internal gratification where he's touching himself and the child. It's not about knowledge. The question is there, is it misuse of the child's body, presence, psychologically, mentally, or whatever? That's the question. And do you find misuse in that hypothetical? I don't find misuse in that hypothetical. That's what I thought. You seem to be conceding to Judge March that you did. If that is how it came off, I apologize, Your Honor. That was certainly not my intention. Go ahead. I think to return, I do want to return to that question of how the language actual or constructive got into Diaz-Zabara in the first place. And I think I do just want to clarify that in the Fifth Circuit, harm is a part of the requirement for sexual abuse of a minor. So at best, the Fourth Circuit's sort of agreement with that part of the Fifth Circuit's definition where they do mention actual or constructive presence, that's agreeing that constructive presence plus harm could possibly constitute sexual abuse of a minor. Anybody can argue their case any way they want to. I'm not sure that we're prepared to say that we didn't say what we said in our prior case because it relies on an underlying fact situation we don't have here, but be that as it may. If I can go back to what we did say, you're telling me that masturbating because you're looking at the image of a child is not physical or non-physical misuse or mistreatment of the child? I think Judge Gregory's point was that... I understand Judge Gregory's point. I'm asking you what your answer is. I think that all those things are required, right? The physical or non-physical, the misuse or maltreatment, and the purposes of sexual gratification. I think there are examples where maybe the misuse or maltreatment isn't there, and I think maybe there are examples where... I'm asking you about my example, or Judge Gregory's example, actually, where you have somebody, the perpetrator, the defendant, if you will, takes a child and is clearly a child, so it fits all the age things, and masturbates, gets sexual gratification from looking at the child sleeping. And you're asking whether I think that would violate the statute or whether that would be sexual abuse of a minor? Either one. You can give me answers one, two. I mean, I think that it could potentially violate the North Carolina statute, but I think my entire argument is that the North Carolina statute covers conduct that isn't necessarily sexual abuse of a minor. So it does violate the North Carolina statute? I don't know that it would. What I'm saying is that even if it did, that wouldn't necessarily... Your argument has to be that they are not concurrent. Right. So it has to, you would say, I'm not understanding what your argument then is with respect to that hypothetical. Talk to me about the North Carolina statute. You're not sure whether it violates the North Carolina statute, and you're not sure whether it violates our definition. Is that what you're saying? I think I was trying to say that it could violate one and not the other. But which one and which not the other? I don't understand your argument. I think for purposes of this case, what we're trying to argue is that the North Carolina statute is broader than sexual abuse of a minor. So I think what I'm saying is that even if it did violate the North Carolina statute, so long as it didn't also constitute sexual abuse of a minor, then it would... But you're not even sure it violated the North Carolina statute, right? I'm not. But I'm saying that even if it did, that doesn't foreclose the argument that it's not sexual abuse of a minor. I think perhaps I'm misunderstanding your question because I... No, maybe I'm not being very clear. If there are no further questions, I... I thought you said you started out with two arguments. I thought you only got to one, which was about how our... How broad. ...what it should or should not be construed to mean. I think, well, the first part was just how broad the North Carolina statute is, which I think we've covered during the course of this conversation, and the second was how we got to the definition we have in Diaz-Ibarra. So I think the broadness of the statute combined with the backdrop of Diaz-Ibarra, when considered sort of in tandem, allow... Do you have... So now I think I do understand your argument. Your argument is that the hypothetical does violate the North Carolina statute? I go down the elements of the North Carolina statute. Are you saying to me it does or doesn't violate the North Carolina statute? I mean, I think it certainly could, yes. Yes. But that's not... Okay. But I think that... I mean, I think that sort of the way that Diaz-Ibarra defines sexual abuse of a minor, what we're trying to argue is that actual presence should be required. Is there another way that the North Carolina statute could not fall under sexual abuse of a minor? Absolutely. But sort of because of the way that Diaz-Ibarra defined it, and because this court can't simply overrule Diaz-Ibarra, we're asking for a clarification that actual presence is required. Because, you know, while hypotheticals are all very well and good, we have, you know, this one case, there are several cases where constructive presence is all that there was. And so we're trying to use those cases to show the court that those cases aren't hypothetical, they have happened, and that the North Carolina courts have found a certain subset of conduct to constitute a violation of the statute that we would argue is not sexual abuse of a minor. And that's sort of the gist behind the argument that actual presence need be required. Well, if the hypothetical didn't violate the North Carolina statute, I don't understand how it could violate our definition. Because then we would be saying, how could it be physical or nonphysical misuse or mistreatment? Exactly, and that's why I conceded that it would violate the North Carolina statute, but I don't believe that it would constitute sexual abuse of a minor under the Diaz-Ibarra definition. So that argument doesn't get you anywhere, then? Again, Your Honor, I'm not sure. Okay. All right. Let's see what the government has to say here. Thank you. You want to take a crack at clearing these things up for me? I'll do my best. Okay. Good morning. May it please the Court. My name is Joshua Rogers, and I represent the United States. Six panels of this court have found that North Carolina... It's okay. We're now here sitting in a live case. Those are unreported opinions which are not precedent in this court. So let's move right on to this case. Even if one of us was on one of those. Even if all of us were on one of those. All three judges were, and a couple of the judges on this panel were on multiple of those. Right. It's still like, go read the rules. They're still not precedent. So proceed. Well, it's actually a fairly simple case. I mean, what we have is a 2L1.2 definition, which includes sexual abuse of a minor, and then Diaz-Ibarra provides a very helpful and broad definition, and that is a perpetrator's physical or non-physical maltreatment of a minor for the purpose of sexual gratification. And so what we have... What do you do about Judge Gregory's hypothetical? We have in that case absolutely a case of non-physical misuse or maltreatment of a minor. How so? This is sort of an unusual argument to make. Is it a thought crime? Is that what you're getting at with regard to Judge Gregory's hypothetical? No. How can it not be a thought crime? Because the person is actually masturbating while they're looking at a sleeping child. We don't forgive them. Judge Mott's masturbating. Miles was fondling himself through their clothes. But it may be the same. But fondling himself through his clothes. He's not even nude. He's fondling himself through his clothes. She or he is asleep. If a perpetrator is fondling himself, masturbating through his clothing and looking at that child, I find it difficult to imagine, as a matter of common sense, that child learning, say, for example, in their 20s. By the way, your dad used to come in and... No, no, no, no. No, no, no, no, no. We don't go to the 20s. I'm saying... You mean their father's diary? You mean later? Any person learning, knowing that an adult is doing this, that falls within the definition. Then your argument depends on the child knowing about it. But the thing is... And you don't want to go there. You don't want that to be your argument because you want things that the child doesn't know about to constitute crime. What we're doing is veering away from the categorical analysis. The categorical analysis doesn't look at what a child knows or what they found out from their dad's diary. You're the one that brought up the child finding out on his 21st birthday. It's an easy... The problem is, with this particular line of the law, is it's easy to kind of start moving down the rabbit hole of, well, what different scenarios are there? Because, in particular, Izaguirre Flores, there was another example... I'm sorry, we're not going to let you get away with that. What do you say about Judge Gregory's hypothetum? I say that the hypothetical actually doesn't matter in this context because... It matters in the sense that a judge has asked the question. If we're dealing... That's the sense in which it matters. So how do you respond to that hypothetical? How I'd respond is, if we're dealing with a modified categorical approach... We're not. No, we're dealing with a categorical approach. Venn diagram, everything that would be categorically conduct that would be viable offense North Carolina statute. Go ahead. That would violate the North Carolina statute. I agree, it would. Because it would be an indecent liberty with a child for the purpose of arousing or gratifying the man's sexual desire. Absolutely. That would also be physical or non-physical misuse or maltreatment of the minor for the purpose of his sexual gratification. How is he mis... See, in other words, because the key word in both of those is abuse. We call it abuse, but I love the original words. It's ab, like abnormal, abuse, and misuse. They're both active. How is the child used, ably or missively, for the gratification? A child was not designed to be stared at and masturbated while someone's looking at that child, whether they're awake... That is an abnormal use of... ...philosophical comment or what? That's not the law, is it? We don't know what a child... We know there used to be children where girls were married when they were 13 years old. We think now that's horrible, but on the plains and the prairie, 13-year-old girls were having babies and spread the country westward. I mean, so we don't know philosophically what that was meant to be, but tell me, where is that use? Where is the use to the gratification? Yes, gratification. Yes, presence. But where is the use? Unlike the photograph, she's the subject of the photograph. It's used for later photographic purposes, so he can look at her. But here, she's asleep. He's asleep. I would argue that there's no difference in what's going on in that bedroom while the child's sleeping than a man who is looking at a photograph, a pornographic photo of a child, who doesn't know that that person is looking at them. There's no difference. That child is still being used for sexual gratification. Yeah, because someone took the photograph of the child. Well, I'm not even saying that it's just the photographer. I'm saying that it's also the man who's looking at the photograph. That's an abnormal use of that child. I know, but it started with someone taking a photograph of the child. In this case, the man is the photographer, in a sense, because he's standing right there looking at them in person. He's just looking at a child? He's not just looking. Well, we're close to looking at a child sleep and gets him off. Then that's a crime, too? If he's masturbating. No, no, just looking at her. Just looking at her like, oh, my goodness. That causes him to have ejaculation without masturbation. What are we talking about? The Fifth Circuit actually addressed this question. Before you get to the Fifth Circuit, we've concentrated on our definition. But if you go back to North Carolina law, one of the elements is that the person willfully took or attempted to take an indecent liberty with the child. Now, if the person is in the other room, viewing the person with his pajamas on, as Judge Gregory says, but fondling himself, is he taking any indecent liberties with the victim? So in this case, this is someone who is in another room. Does he have a video camera? He's looking through the door? You have to pay attention to Judge Gregory's hypothetical. He's in the other room. He's not touching the child. The child is asleep, and he is fondling himself in his pajamas. Maybe I added the pajamas. But he wasn't nude. In that case, again, I think the primary question is, what does the statute say? I'm now asking about the North Carolina statute. As I understand it, this would go under the problem would be the third element. Did he willfully take or attempt to take an indecent liberty with the child? And I do think it's important to bring up Isaac Garofalores from the Fifth Circuit for this reason. I don't think you're paying attention. I am paying attention. Because your answer to that would be no. My answer is that we can... In other words, it's not a violation of North Carolina law, so it doesn't matter whether it's covered by the guidelines. That's not his position. Apparently not.  There are five elements in the North Carolina law, right? Yes, ma'am. And we know we're now looking at this not in the modified categorical approach, but the categorical approach. Correct. You have to have all five elements. And the third element is that he willfully took or attempted to take an indecent liberty with the victim. Now, do we have that third element in Judge Gregory's hypothetical? Judge Gregory's or yours? Judge Gregory's hypothetical. Judge Gregory's. The child is in the other room. The child is asleep. The person is in his pajamas or in some attire, and he is fondling himself. Yes, we do. Okay. And I would note that the reason why this discussion is moving in the wrong direction in terms of the issues because under Taylor, what we look at is realistic probabilities, not theoretical probabilities. And what I've been trying to bring up in the Fifth Circuit is in Issigura Flores, there was, I think, an even better hypothetical that was brought up by the defense counsel in that case, which was, well, what if a defendant gets aroused from a shoe fetish, and there's a teenager who has taken her shoes off, he runs off with them and uses them privately for his own purposes? And the Fifth Circuit said, we're not even going there because North Carolina courts every stated we're only seeking to address overt sexual acts, and the Fifth Circuit stated, we are not merely going to look at vague ethereal sentiments on the part of the perpetrator and interpret a statute in a fashion that produces absurd results, which is why what we do is just get back to the language of the statute, the way that it's been interpreted, and based on that, what we can do is be assured that under Diaz-Oboro, we do have a statute that only punishes a perpetrator's physical or nonphysical misuse or maltreatment of a minor for the purposes of sexual gratification. Have the North Carolina appellate courts ever reversed the conviction under the statute? I don't know the answer to that question. I can't get the answer for the court. No, I'm not going to ask you to track that down. I don't think we have any further questions. Thank you. Okay. Thank you. Ms. Roberts, do you have a rebuttal? Only briefly, Your Honor. I did just want to address something that you said, Judge Gregory. I do apologize. I don't think I quite understood the hypothetical earlier, but now I do think I entirely understand it, and I would agree that it violates the North Carolina statute, but not... It violates the North Carolina statute that constitutes a willful taking or attempt to take an indecent liberty with the victim? I apologize. I'm sorry. I misspoke. It does not meet that element 3. It doesn't violate it. It does not violate the statute. The element, as it's been defined by the North Carolina courts, that set of elements that covers both A1 and A2, the element for either of them is that attempting or taking... taking or attempting to take an indecent liberty. An indecent liberty. And Judge Gregory's hypothetical doesn't violate the North Carolina law. Exactly, because the... for a number of reasons. And that Venn diagram that you mentioned... A lot of people would think that's indecent, including me. But I think... Don't you think most people think that's indecent, to fall on yourself even though the child is asleep? An indecent liberty with the victim. I think something being indecent and something being... taking an indecent liberty or attempting to do so... What is a liberty? Indecent liberty with the victim. With the victim. And the victim... You can do something indecent in the privacy of your home that no one else knows about, and that might be indecent, but it's not taking a liberty with another. So I think something can certainly be indecent without being... Presidents alone cannot bring in the element of indecent liberty. I think that's contrary to North Carolina. Presidents alone could be. But in your hypothetical, the president... For example... So then if the child is awake, does that change? Does that now become indecent liberty now? Liberty is only because they're awake? I think... Does the child know? Is the man in the room... The child is awake now. You change the hypothetical to awake. He said that's the magical line now of liberty because she's awake? I don't know that that would be the magical line in any hypothetical, but could it make a difference in yours? Possibly. I mean, I think it's a case-by-case determination. You seem to agree with Judge Motz that my hypothetical does not violate North Carolina because he's not taking, quote, an indecent liberty. So I'm just saying, backing it off, is being awake now makes it indecent? Because you still have presence with her asleep. In the other room. Yeah, is the other room still... I believe Judge Motz said that he was perhaps watching through, I don't know if it's a window or a door or people or what he's watching through. That was the hypothetical. So awake or asleep wouldn't make any difference. So awake or asleep wouldn't make any difference. I don't think so, no. Go ahead, Judge. I'm sorry, no. Please. Has the North Carolina appellate courts reversed any convictions under this? I regrettably also don't know the answer to that question. It would be helpful to your case, wouldn't it? I don't know of any. That's why I said, is that because you researched it or because you just don't know because you haven't looked? I have looked at certainly all the cases that are cited in any of these cases that discuss the statute in the federal context. Actually, I'm going to take up Mr. Rogers' offer. I'd like a 26-day letter from counsel with Judge Motz's permission in 10 days letting us know whether you found any cases in which a conviction has been reversed by a North Carolina appellate court, either the Court of Appeals or the Court of Special Appeals. Absolutely, Your Honor. Or the Supreme Court. OK. We have further questions. We'll come down and greet the lawyers and then take a brief recess. Thank you. Thank you. Thank you. Your Honor, before it was a brief recess.
judges: Diana Gribbon Motz, Roger L. Gregory, Andre M. Davis